**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **WANDA D. THOMPSON,** | ) | CIVIL ACTION FILE |
| | ) | |
| Plaintiff, | ) | NO: _____ |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT UNDER CIVIL** |
| **CITY OF LEESVILLE**, LA.; | ) | **RIGHTS ACT, 42 U.S.C. §§** |
| and **STEPHANIE R. GRAY** | ) | **1983 and 1988** |
| | ) | |
| Defendants. | ) | |
| | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

Wanda D. Thompson, through her attorney, Elizabeth B. Carpenter Law Firm, brings this Complaint against the City of Leesville, Louisiana and Leesville Police Officer Stephanie R. Gray, and alleges as follows:

### I.   NATURE OF THE CASE

This is a Civil Rights action arising under the Constitution of the United States, as well as the Constitution, Laws and Statutes for the State of Louisiana, in which Wanda D. Thompson seeks to recover any and all damages and costs

1

flowing from violation of *inter alia* Wanda D. Thompson's rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and pursuant to 42 U.S.C. §§ 1983 and 1988, as well as under Article I § 5 of the Louisiana Constitution. The Fourth Amendment prohibits the use of unreasonable and excessive force. The Louisiana Constitution echoes the Fourth Amendment's mandate and provides, "every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures or invasions of privacy." La. Const. Article I § 5. The Fourteenth Amendment to the United States Constitution prohibits governmental deprivations of "life, liberty, or property without due process of law."

## II. THE PARTIES

1. Wanda D. Thompson (hereinafter Plaintiff Thompson) is an adult, who is legally blind, and a resident of the City of Leesville in Vernon Parish, Louisiana.

2. The City of Leesville, Louisiana (hereinafter "Defendant Leesville") is a municipality and political subdivision of the State of Louisiana and at all times relevant operated under color of state law. Defendant Leesville is responsible for the City of Leesville Police Department and for actions of

its officers acting under color of state law. Defendant Leesville may be served with process through Mayor Rick Allen at 101 West Lee Street, Leesville, LA 71446.

3.  Stephanie R. Gray (hereinafter "Defendant Gray") is a Leesville Police Officer who is being sued in her individual and official capacities. She may be served with process in her official capacity through Mayor Rick Allen at 101 West Lee Street, Leesville, LA 71446, and in her individual capacity at her place of business at 101 West Lee Street, Leesville, LA 71446. Defendant Leesville and Defendant Gray will hereinafter be referred to as "Defendants."

### III. JURISDICTION AND VENUE

4.  This Court has exclusive jurisdiction over the subject matter of this action pursuant to 35 U.S.C. §§ 1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5.  Each and all of the acts (or threats of acts) alleged herein were done under the color and pretense of the law, including statutes, ordinances, regulations, customs and usages of the State of Louisiana and/or the United States. In engaging in the conduct described herein, Defendant Gray exceeded the authority vested in her as a police officer by the United States and Louisiana Constitutions. Defendant

3

Leesville, as the employer of Defendant Gray, is liable for all of the acts and omissions of Defendant Gray when done within the scope of her employment and under the color and pretense of the law.

6.     Plaintiff Thompson invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) to hear and adjudicate state law claims, as these claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy.

7.     This Court has authority to award attorney fees, as well as experts' fees, pursuant to 42 U.S.C. § 1988.

8.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant Leesville is located in the Western District of Louisiana; and upon information and belief, Defendant Gray resides in the Western District of Louisiana. Thus, Defendant Leesville and Defendant Gray are subject to personal jurisdiction in this District. Defendant Leesville and Defendant Gray are also subject to personal jurisdiction because a substantial part of the events or omissions giving rise to this action occurred within this District.

## IV. FACTUAL BACKGROUND OF THE LITIGATION

9. Plaintiff Thompson repeats and incorporates by reference each and every allegation contained in each and every preceding Paragraph inclusively as if fully set forth herein.

10. At all material and relevant times, Plaintiff Thompson was residing, and still resides, at 1102 Anderson Dr. in Leesville, LA 71446.

11. On September 21, 2022 Defendant Gray and Officer Raposo were dispatched to 1102 Anderson Dr. to investigate an alleged disturbance of the peace.

12. The residents at 1102 Anderson Dr. when Defendant Gray and Officer Raposo arrived to investigate the disturbance were Plaintiff Thompson and her son, Ronnie Shelton Jr. ("Shelton").

13. Also present at 1102 Anderson Dr. when Defendant Gray and Officer Raposo arrived to investigate the disturbance was Larissa Pirani ("Pirani").

14. In a September 21, 2022 Affidavit for the Arrest Warrant, Defendant Gray states:

> Pirani stated [to Defendant Gray] that she and Shelton were involved in a romantic relationship for approximately three days and though they didn't know each other she decided that

she would stay with him at his mother's [Defendant Gray's] house. . . [and] that she was cleaning the house due to [Defendant] Thompson being blind, but Shelton began accusing her that she was stealing [Defendant] Thompsons' medications.

15. Pirani was staying with Shelton in his bedroom ("Bedroom") at 1102 Anderson Dr., the residence of Plaintiff Thompson.

16. In her September 21, 2022 Affidavit for the Arrest Warrant, Defendant Gray also states:

Pirani informed officers [Defendant Gray and Ofc. Raposo] that they began arguing over which of them lost the methamphetamine. Pirani stated that she and Shelton used methamphetamine the night prior, had been high most of the night, and that Shelton had shot her up due to her being unable to inject herself.

17. Plaintiff Thompson and Shelton asked Defendant Gray and Ofc. Raposo to enter 1102 Anderson Dr. and standby while Pirani collected her belongings from the Bedroom where she and Shelton slept.

18. Defendant Gray and Ofc. Raposo went into the Bedroom and

watched Pirani gather her belongings.

19. While Defendant Gray was standing next to a dresser in the Bedroom, Defendant Gray saw a container of a crystal-like substance which she suspected to be methamphetamine.

20. Defendant Gray collected the first batch of crystal-like methamphetamine substance and gave it to Ofc. Raposo.

21. Defendant Gray then saw in the Bedroom another container of the crystal-like substance which she also suspected to be methamphetamine.

22. Defendant Gray subsequently collected the second batch of crystal-like methamphetamine substance and gave the second batch to Ofc. Raposo.

23. Defendant Gray and Ofc. Raposo then asked both Pirani and Shelton who owned the two batches of the crystal-like methamphetamine substances.

24. After neither Pirani nor Shelton claimed ownership of the two batches of the crystal-like methamphetamine substances, both were arrested for possession of the crystal-like methamphetamine substances.

25. While Defendant Gray and Ofc. Raposo were still at Plaintiff Thompson's residence, 1102 Anderson Dr., Defendant Gray was informed by dispatch that Plaintiff Thompson had two outstanding arrests warrants through Leesville City Court for issuing two worthless checks, which was a misdemeanor pursuant to La RS 14:71.

26. Plaintiff Thompson, who is legally blind, was then arrested, physically restrained and handcuffed by Defendant Gray at her residence, 1102 Anderson  Dr.,  for the misdemeanor of issuing worthless checks.

27. Plaintiff Thompson, along with Pirani  and Shelton, were subsequently transported to Vernon Parish Sheriff's Office ("VPSO") for booking.

28. While Defendant Gray was physically restraining and handcuffing Plaintiff Thompson for a misdemeanor, Plaintiff Thompson's right shoulder became  dislocated and she suffered a severe anxiety attack.

29. Plaintiff Thompson's shoulder has been dislocated and torn to the extent that now she needs total shoulder replacement surgery.

30. Plaintiff Thompson at no time was resisting arrest, nor exhibited any disorderly conduct. Plaintiff Thompson is legally blind.

31. While Plaintiff Thompson was being transported to VPSO, she suffered severe anxiety along with excruciating pain from her dislocated shoulder, all for which she received, and is receiving, medical treatment.

32. The prosecution of Plaintiff Thompson for the misdemeanor of issuing a worthless check has been refused and dismissed by the District Attorney for the State of Louisiana.

33. After Plaintiff Thompson was transported to and booked by the VPSO for the misdemeanor of issuing a worthless check, and after Plaintiff Thompson's shoulder was dislocated and while suffering severe anxiety, Ofc. Raposo was contacted by the VPSO and informed that CDS III Suboxone tablets were found in Plaintiff Thompson's purse in a small container having no prescription label or any proof that they

had been prescribed to Plaintiff Thompson, who was then charged with a felony.

34. Plaintiff Thompson has a prescription for the CDS III Suboxone tablets.

## V. <u>CAUSES OF ACTION</u>

### <u>COUNT I</u>
**42 U.S.C. §§ 1983 AND 1988—VIOLATION OF CONSTITUTIONAL RIGHTS**

35. Plaintiff Thompson realleges and incorporates each and every allegation contained in each and every preceding Paragraph as if fully set forth herein, and further alleges:

36. At all material and relevant times, Plaintiff Thompson was and is still legally blind.

37. At all material and relevant times, Defendant Gray was acting under color of state law and in the course and scope of her duties and employment with Defendant Leesville.

**38.** At all material and relevant times, Plaintiff Thompson had a constitutionally protected right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizure of her person, and from the use of unreasonable, unnecessary and excessive force by persons acting under color of state law attempting to seize her person or to effect her arrest.

39. On the occasions complained of, the actions or inactions by Defendants were objectively unreasonable and/or unnecessary and/or excessive, and an abuse of power, in light of clearly established law at the time.

40. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing a police officer. See *Graham v. Connor*, 490 U.S. 386, 398 (1989)

41. The actions and omissions of Defendants were reckless and callous and violated Plaintiff Thompson's clearly established rights at the time of the conduct under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of unreasonable and/or unnecessary and/or excessive force.

42. As a direct and proximate result of the actions and omissions of Defendants, Plaintiff Thompson was injured, and was caused to suffer, and will continue to suffer in the future *inter alia*: extreme fear, fright, embarrassment, nervousness, grief, anxiety, shock, humiliation, apprehension, defamation of character; and emotional, physical pain and suffering; disabilities; mental injuries and anguish; loss of enjoyment of life; and physical impairment. Plaintiff Thompson has incurred, and will incur in the future, medical expenses for treatment of the injuries she has suffered as a result of Defendants unlawful actions and/or omissions.

43. Plaintiff Thompson is entitled to recovery of attorney's (and experts') fees and expenses from Defendants pursuant to 42 U.S.C. § 1988.

44. Defendant Leesville was and is responsible for the unlawful actions and/or omissions of Defendant Gray who was acting within the course and scope of her employment with Defendant Leesville at the time of Plaintiff Thompson's arrest and injuries.

45. The conduct of Defendants was objectively unreasonable in light of clearly established law at the time of the conduct. As a result of the willful, gross and oppressive conduct of Defendants, Plaintiff

Thompson claims punitive damages from Defendants pursuant to 42 U.S.C. § 1988.

## COUNT II

## ASSAULT AND BATTERY

46. Plaintiff Thompson realleges and incorporate each and every allegation contained in each and every preceding Paragraph as if fully set forth herein, and further alleges:

47. Defendant Gray committed an intentional, wanton, malicious and unlawful assault and battery upon Plaintiff Thompson in violation of his well-established rights under Louisiana intentional tort law.

48. Defendant Gray's conduct and actions against Plaintiff Thompson were unreasonable and clearly inappropriate and excessive force, and did so willfully, wantonly, intentionally and with malice, causing harm and injury with the person Plaintiff Thompson.

49. Defendant Gray's conduct and actions violated     Plaintiff Thompson's rights under Article I, Section 5 of the 1974 Louisiana Constitution and La. C.C. Art. 2315, and thereby committed assault and battery.

50. As a direct and proximate result of the aforementioned actions and omissions of Defendant Gray, Plaintiff Thompson was injured, and was caused to

suffer, and will continue to suffer in the future *inter alia*: extreme fear, fright, embarrassment, nervousness, grief, anxiety, shock, humiliation, apprehension, defamation of character; and emotional, physical pain and suffering; disabilities; mental injuries and anguish; loss of enjoyment of life; and physical impairment. Plaintiff Thompson has incurred, and will incur in the future, medical expenses for treatment of the injuries she has suffered as a result of Defendant Gray's unlawful actions and/or omissions.

51. Defendant Leesville was and is responsible for the unlawful actions and/ or omissions of Defendant Gray who was acting within the course and scope of her employment with Defendant Leesville at the time of Plaintiff Thompson's arrest and injuries.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff Thompson realleges and incorporate each and every allegation contained in each and every preceding Paragraph as if fully set forth herein, and further alleges:

53. Defendant Gray maliciously, intentionally or recklessly, and outrageously acted in a manner to cause Plaintiff Thompson emotional distress and harm.

54. Defendant Gray knew or reasonably should have known that her actions would cause Plaintiff Thompson emotional distress and harm.

55. As a direct and proximate result of the aforementioned actions and omissions of Defendant Gray, Plaintiff Thompson was injured, and was caused to suffer, and will continue to suffer in the future *inter alia*: extreme fear, fright, embarrassment, nervousness, grief, anxiety, shock, humiliation, apprehension, defamation of character; and emotional, physical pain and suffering; disabilities; mental injuries and anguish; loss of enjoyment of life; and physical impairment. Plaintiff Thompson has incurred, and will incur in the future, medical expenses for treatment of the injuries she has suffered as a result of Defendant Gray's unlawful actions and/or omissions.

56. Defendant Leesville was and is responsible for the unlawful actions and/ or omissions of Defendant Gray who was acting within the course and scope of her employment with Defendant Leesville at the time of Plaintiff Thompson's arrest and injuries.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff Thompson demands a trial by jury on all issues allowable by law.

## **PRAYER  FOR  RELIEF**

WHEREFORE,  Plaintiff Thompson  prays that after due proceedings there be judgement rendered herein in Plaintiff Thompson's favor and against Defendants, as follows:

1. compensatory and punitive damages as prayed for herein;

2. an award of attorney (and expert) fees pursuant to 42 U.S.C. § 1988, and all costs of these proceedings, and legal interest (both prejudgment interest and post judgement interest); and

3. all other relief to which Plaintiff Thompson   is entitled under the circumstances and which appear just, proper and equitable to this Court.


Dated: _9/13/23_                Respectfully submitted,



_/s/Elizabeth B. Carpenter_____

*Elizabeth B. Carpenter Law Firm*

Elizabeth B. Carpenter, Esq.
(Bar La. 31653)
201 St Charles Ave.
Suite 2500
New Orleans, La. 70170
Telephone Office: (504) 599-5955
Telephone Cell: (504) 373-4624
Email: ebc.lawyer@gmail.com

*Attorneys for Plaintiff*
*Wanda D. Thompson*

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Civil Local Rule No.  38.1, Plaintiff

Wanda D. Thompson  demands a trial by jury on all issues allowable by law.